NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1065

_____

BHIM SINGH,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. A200-902-813)
Immigration Judge: Honorable Alberto Riefkohl

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 27, 2018

_____

Before: AMBRO, CHAGARES, and GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed:  October 22, 2018)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Petitioner Bhim Singh seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on December 20, 2017, denying his motion to reopen. For the reasons discussed below, we will deny his petition for review.

## I.   FACTS

Singh, a native and citizen of India, attempted to enter the United States on August 29, 2010, but was not admitted because he was unable to produce a valid entry document. He told a border patrol officer that he feared returning to India because he owed money to individuals who had helped finance his trip to the United States and that he sought to enter the United States for employment purposes. The Department of Homeland Security ("DHS") thereafter determined that Singh was subject to expedited removal pursuant to 8 U.S.C. § 1225(b)(1)(A)(iii).

An asylum officer subsequently conducted a credible fear interview with Singh, where Singh contended that Charanjit Singh Channi, a politician in India, threatened to kill him due to his unpaid debt used to start a business. Singh also contended that Channi offered to forgive a portion of the debt should Singh agree to convert from the Sikh faith to Hinduism. Based on the interview, the asylum officer concluded that Singh established a credible fear of torture but not a credible fear of persecution.

DHS subsequently charged Singh with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an alien not in possession of a valid entry document. Although Singh

2

conceded before the Immigration Judge ("IJ") that he was removable, he filed for—and subsequently updated—an application for asylum, withholding of removal, and protection under the Convention Against Torture. In support of his application, he testified before the IJ that he was harmed by Channi, that Channi indicated that he would forgive a portion of the debt should Singh join Channi's political party, and that Channi's people assaulted Singh when the latter refused to do so.

The IJ denied each of Singh's stated forms of relief on March 31, 2016. The IJ concluded that Singh lacked credibility in light of "multiple inconsistences between [his] testimony, his written statement, and the documentary evidence in the record." A.R. 292. In particular, the IJ drew an adverse credibility determination because Singh's testimony detailed an asylum claim predicated on his political opinion—i.e., Singh's testimony that Channi attempted to coerce him to join Channi's political party—but that his prior statements and evidence presented a religion-based claim for asylum. According to the IJ, Singh's asylum application, letters from family and friends in India, and his credible fear interview detailed Channi's attempts to force Singh to convert to Hinduism. Furthermore, in the alternative, the IJ determined that Singh did not meet his burden of proof for his claims because his conflict with Channi related to a personal and private matter (i.e., a debt) that was not connected to a protected ground for relief.

The BIA affirmed the IJ's decision and dismissed Singh's appeal. On June 12, 2017, Singh filed a motion to reopen based on changed country conditions and alleged previously unavailable evidence. He contended, *inter alia*, that Channi's supporters were harassing Singh's family about Singh's whereabouts, that his father was attacked by them and

3

succumbed to the injuries he sustained, and that there had been a strong uptick in Hindu nationalism and police corruption in India. In support of his position, Singh submitted country condition reports and affidavits from his family and friends.

The BIA denied Singh's motion to reopen. It afforded little weight to the new evidence that Singh proffered because, *inter alia*, "[t]he affidavits presented with the motion were prepared by individuals who are interested witnesses that are not subject to cross-examination" and the country conditions evidence was "insufficient, without more, to make a *prima facie* showing that [Singh] himself may face persecution or will more likely than not face torture upon his repatriation." A.R. 3. Singh then timely filed the instant petition before this Court.

## II.   **DISCUSSION**[1]

"[W]e review a denial of a motion to reopen . . . for abuse of discretion, regardless of the underlying basis of the alien's request for relief," *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011), and "review [the BIA's] underlying factual findings related to the motion for substantial evidence," *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006). Accordingly, "[w]e give the BIA's decision broad deference and generally do not disturb it unless it is 'arbitrary, irrational, or contrary to law.'" *Pllumi*, 642 F.3d at 158 (quoting *Filja*, 447 F.3d at 251).

---

[1] The BIA had jurisdiction pursuant to 8 C.F.R. § 1003.2(c)(1), and we have jurisdiction pursuant to 8 U.S.C. § 1252.

4

A motion to reopen "shall not be granted unless it appears . . . that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). In order for the motion to be granted, the alien "must establish *prima facie* eligibility for [the relief sought]." *Shardar v. Att'y Gen.*, 503 F.3d 308, 313 (3d Cir. 2007) (quoting *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004)). Singh, however, has failed to meet his burden and we will therefore deny his petition for review.

Each affidavit that Singh submitted to support his motion to reopen detailed events that relate to his previously discredited claims. The BIA therefore did not abuse its discretion by according limited weight to such evidence since all of the affidavits focused on Singh's relationship with Channi. *See Lin v. Att'y Gen.*, 700 F.3d 683, 688 n.3 (3d Cir. 2012) (affirming BIA denial of motion to reopen on basis of adverse credibility because the motion was based "on the same underlying basis"). Furthermore, we cannot conclude that it was "arbitrary, irrational, or contrary to law" for the BIA to discount affidavits submitted by Singh's immediate family members on the basis that they were interested witnesses who were not subject to cross-examination. *Filja*, 447 F.3d at 251 (quoting *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002)).[2]

Additionally, there is substantial evidence in the record to justify the BIA's finding that Singh's dispute with Channi is over a personal debt and therefore that Singh's claims

---

[2] The BIA also accorded limited weight to Singh's production of his father's death certificate. We cannot say that doing so was an abuse of discretion because the death certificate provides no clear detail on the circumstances surrounding Singh's father's death and therefore the nexus between the death and Singh's claim appears to be nebulous.

5

are not encompassed within a protected ground. Indeed, Singh's counsel represented to the BIA that "Mr. Singh has an unusual case in that he and his family are being targeted because of a debt owed to Mr. Channi." A.R. 15; *see Shehu v. Att'y Gen.*, 482 F.3d 652, 657 (3d Cir. 2007) (affirming BIA's finding that alien was not a protected refugee where "the criminal gang that pursued [the alien] was motivated by a bare desire for money"); *Amanfi v. Ashcroft*, 328 F.3d 719, 727 (3d Cir. 2003) (affirming BIA's denial of asylum and withholding of removal because alien's claim arose from "retaliation in response to a personal dispute"). We therefore cannot overturn the BIA "[s]ince we have a very deferential standard of review of the BIA's findings of fact and may only reverse these findings if the evidence compels us to do so." *Amanfi*, 328 F.3d at 727.

At bottom, Singh's new evidence does not establish his *prima facie* case that he is eligible to any form of relief. His country condition reports only describe communal violence between Sikhs and Hindus, but such generalized depictions are insufficient to establish persecution. *See Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) ("[A]s with any claim of persecution, violence or other harm perpetrated by civilians against the petitioner's group does not constitute persecution unless such acts are 'committed by the government or forces the government is either 'unable or unwilling' to control.'" (quoting *Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003))); *Zubeda v. Ashcroft*, 333 F.3d 463, 478 (3d Cir. 2003) ("[R]eports of generalized brutality within a country do not necessarily allow an alien to sustain his/her burden under the Convention Against Torture."). Without the production of specific evidence that Singh himself would have been singled out for persecution by the Indian government or with its acquiescence, we

6

cannot find that the BIA abused its discretion by denying his motion to reopen. *See Khan v. Att'y Gen.*, 691 F.3d 488, 496 (3d Cir. 2012) ("In order to prove a reasonable fear of future persecution, the petitioners must produce 'credible, direct, and specific evidence . . . that would support a reasonable fear of persecution.'" (quoting *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007))).

## III. <u>CONCLUSION</u>

For the foregoing reasons, we will deny the petition for review.